**Althea B. BANNER, et al., Plaintiff,**

v.

**RAISIN VALLEY, INC.,
et al., Defendant.**

No. 3:96CV7197.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 21, 2003.

James L. Schuller, Schuller & Bennett, Toledo, OH, Scott Tracy Stirling, Thompson Hine, Dayton, OH, Holly Bowen Safronoff, Eric A. Parzianello, Evans & Luptak, Bloomfield Hills, MI, for plaintiff.

Raymond H. Pittman, III, Schuller & Bennett, Toledo, OH, for intervenor-plaintiff.

Martin J. Holmes, Sr., Richard L. Emery, Shindler, Neff, Holmes & Schlageter, Toled, OH, Frank Leonetti, III, Kenneth Pascal Abbarno, Reminger & Reminger, Cleveland, OH, Timothy W. Mizerowski, Mark L. Dolin, Kopka & Landau, Farmington Hills, MI, Robert L. DeJong, Vincent E. Woltjer, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, Kenneth C. Newa, William J. Lynch,

Stanley A. Prokop, Plunkett & Cooney, Detroit, MI, Paul E. Perry, Plunkett & Cooney, Bloomfield Hills, MI, Cormac B. Delaney, Manahan, Pietrykowski, Bamman & Delaney, Toledo, OH, for defendant.

John R. Wienold, Wienold & Amoni, Aurora, IL, Robert L. DeJong, Vincent E. Woltjer, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for cross-claimant.

Martin J. Holmes, Sr., Richard L. Emery, Shindler, Neff, Holmes & Schlageter, Toledo, OH, Frank Leonetti, III, Kenneth Pascal Abbarno, Reminger & Reminger, Cleveland, OH, for cross-defendant.

Robert L. DeJong, Vincent E. Woltjer, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for third-party plaintiff.

## ORDER

CARR, District Judge.

This is a personal injury case in which the defendant Pioneer Insurance Company filed a motion for reconsideration of an earlier order adjudicating the issue of the amount of interest to be paid by Pioneer on amounts it had been determined to owe plaintiffs under a policy issued to its insured, one of the defendants in this case.

On review of the motion for reconsideration, I concluded that Pioneer's request for reconsideration was unfounded. I ordered Pioneer to show cause why it should not be sanctioned under Fed.R.Civ.P. 11 in the amount of $2,000 as and for the attorneys' fees incurred by the plaintiffs in contesting Pioneer's meritless motion for reconsideration.

Pioneer's response to the motion does not challenge the amount of the proposed sanction as unreasonable. It contends, rather, that its having, without justification, caused the plaintiffs to incur those fees should be excused because I had, on a prior occasion, reheard a matter of importance in this case.

That is true: but the issue addressed in that instance did not involve consideration of a contention that could have been, but was not raised in a timely manner. That is the situation here: the basis for Pioneer's motion for reconsideration was an argument that it could and should have presented before my decision that Pioneer thereafter wanted reconsidered.

■ That I might impose sanctions in response to having to rule on an unfounded motion for reconsideration may have caught Pioneer unawares. But the fundamental proposition that it is not the function of a motion for reconsideration to provide an opportunity to argue something that could have been argued before is neither novel nor now. *See, e.g., McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996). And that is the basis on which I conclude that sanctions are proper.

■ There was nothing in the motion that could not have been in Pioneer's original brief. The plaintiffs had unnecessarily to expend time and resources responding to Pioneer's arguments. They should not be required to have done so at their own expense, or that of their counsel. Sanctions under Rule 11 are appropriate.

It is, therefore,

ORDERED THAT sanctions in the amount of $2,000, as and for attorneys' fees, be, and the same hereby are awarded against defendant Pioneer State Mutual Insurance Company and in favor of the plaintiffs.

So ordered.